UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEREE C. HARDY,<br>　　　　Plaintiff,<br>　　v.<br>BRIDGE HOUSING CORPORATION, et al.,<br>　　　　Defendants. | Case No. 25-cv-06674-NC<br><br>**ORDER GRANTING IFP APPLICATION; ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915 AND GRANTING LEAVE TO AMEND**<br><br>Re: ECF 1, 2 |

　　Self-represented Plaintiff Cheree C. Hardy filed a civil lawsuit under 42 U.S.C. § 1983 against Defendants Bridge Housing Corporation, 1001 South Main Street, LLC, Montevista Apartments, and Angie Flores-Alvarez. ECF 1 at 3. Ms. Hardy seeks $35,000,000 in damages, as well as further punitive damages and various injunctions. *Id.* at 5. Ms. Hardy also applied "in forma pauperis" (IFP) to proceed without paying Court filing fees. ECF 2.

　　This Order grants Ms. Hardy's application for leave to proceed in forma pauperis and screens her complaint. Ms. Hardy is granted leave to file an amended complaint by September 12, 2025.

**I.　FREE HELP OFFERED FOR SELF-REPRESENTED LITIGANTS**

　　As a free service to self-represented civil litigants, the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice. The

Federal Pro Se Program is available by phone appointment at (408) 297-1480.  There are also online resources available on the Court's webpage.  The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

## II.   THE COURT GRANTS MS. HARDY'S IFP APPLICATION

The Court is persuaded by Ms. Hardy's "in forma pauperis" (IFP) application that she cannot afford the court filing fees.  ECF 2.  Accordingly, the Court GRANTS the IFP application.

## III.   THE COMPLAINT IS DEFICIENT; THE COURT GRANTS LEAVE TO AMEND

Next, the Court screens the complaint.  28 U.S.C. § 1915(e)(2) requires the Court to screen a complaint filed by a person proceeding "in forma pauperis" who is unable to pay the filing fees.  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  Pro se pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Additionally, a plaintiff may amend the complaint once "as a matter of course" before serving the defendant with the complaint.  Fed. R. Civ. P. 15(a)(1).

A civil action is commenced by filing a "complaint."  Fed. R. Civ. P. 3.  Federal Rules of Civil Procedure 8, 9, 10, and 11 generally set forth requirements for the complaint.  Ms. Hardy's complaint is deficient for the following reasons:

**1. Ms. Hardy must meet the organizational requirements for a complaint.**

Federal Rule of Civil Procedure 10(b) requires a complaint to state the claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Ms. Hardy's complaint is not organized into numbered paragraphs.

**2. Ms. Hardy fails to adequately allege that Defendants are state actors.** 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law." The "ultimate issue" to determine whether § 1983 applies to a particular person is whether the alleged infringement is fairly attributable to the government. *Pasadena Republican Club v. Western Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). There are four general tests to identify governmental action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Id.* at 1167 (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747–48 (9th Cir. 2020)). Here, Ms. Hardy conclusorily stated that Defendants acted under color of state law because they were subject to federal civil rights laws. ECF 1 at 8. Thus, she failed to plead facts that would either establish Defendants as a governmental entity or a private individual acting at the behest of the state.

**3. Ms. Hardy must satisfy Federal Rule of Civil Procedure 8.**

a. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Ms. Hardy's complaint conclusorily alleges that Defendants violated the Fourteenth Amendment, the Fair Housing Act, the First Amendment, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, but it does not tie the alleged facts and events to legal principles that would establish that she is plausibly entitled to relief. It is also unclear which Defendants she alleges violated which laws.

b. Federal Rule of Civil Procedure 8(d)(1) requires that each allegation of the pleading be "simple, concise, and direct." While the Court will interpret a

self-represented plaintiff's pleadings in the interest of justice, the defendant needs to be able to fairly respond to the allegations.  Here, Ms. Hardy's complaint references various requests made and denied, as well as retaliation via excessive inspections, misinformation, harassment, intimidation, and procedural abuse, without describing what those events were.  It is also unclear which Defendant committed what action, as the complaint only generally refers to "management."  ECF 1 at 9.  Ms. Hardy must state simple, direct facts to tell a story that will support her claim.

Accordingly, this Court GRANTS Ms. Hardy leave to amend her complaint.  By September 12, 2025, Ms. Hardy may file an amended complaint that cures these deficiencies.  If she does not cure the deficiencies, this Court may recommend the dismissal of the case.

**IT IS SO ORDERED.**

Dated:  August 11, 2025                                  _____
                                                                              NATHANAEL M. COUSINS
                                                                              United States Magistrate Judge

4